**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **George V. Hill,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 16-0659 (CKK)** |
| **Maria T. Cecala** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of the District of Columbia against two employees of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), which is a federal agency. *See* D.C. Code § 24-133(a) (establishing CSOSA "within the executive branch of the Federal Government"). Plaintiff seeks $200,000 in money damages. *See* Compl. [Dkt. 1-1 at 2]. On March 25, 2016, the Civil Division Chief of the United States Attorney's Office for the District of Columbia certified that the defendants were acting within scope of their office or employment at the relevant time, and the case was removed to this Court on April 7, 2016, pursuant to 28 U.S.C. § 2679(d)(2). *See* Not. of Removal [Dkt. # 1]. Plaintiff has not contested the removal notice. Consequently, the United States is substituted as the defendant and the case is governed by the Federal Tort Claims Act ("FTCA"). *See id.* § 2679(d)(1)(2).

Pending before the Court is the United States' Motion to Dismiss under Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 5]. On May 17, 2016, the Court informed plaintiff about his obligation to respond to the motion by June 30, 2016, and the potential consequence of dismissal if he did not respond. Plaintiff has not

complied with the May 17, 2016 Order, and he has not sought additional time to comply. Therefore, as stated in the order, the United States' motion is treated as conceded.

The United States argues, among other grounds for dismissal, that plaintiff has failed to pursue, let alone exhaust, his administrative remedies as to any claim brought under the FTCA. *See* Def.'s Mem. of P. & A. at 7.  By not responding in any way to the motion, plaintiff has conceded this argument.  *See* May 17, 2016 Order at 1 (citing *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004)).

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (citation and internal quotation marks omitted).  The FTCA waives the United States' immunity under limited circumstances.  It states: "[a]n action shall not be instituted [under the FTCA] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," or unless the agency has failed to render a "final disposition of a claim within six months after it is filed," which then is "deemed a final denial of the claim[.]"  28 U.S.C. § 2675(a).  It is established in this circuit that an unexhausted FTCA claim constitutes a "jurisdictional" bar.  *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (citation and internal quotation marks omitted); *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) ("This court and the other courts of appeals have treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional.") (citation

omitted).[1]  Accordingly, the Court will grant the United States' motion to dismiss under Rule 12(b)(1), and it will dismiss the case without prejudice.  A separate Order accompanies this Memorandum Opinion.

          _____s/s_____
          COLLEEN KOLLAR-KOTELLY
          United States District Judge

DATED: August 2, 2016

---

[1] In 2015, the Supreme Court held that the FTCA's statute of limitations set out at 28 U.S.C. § 2401(b) is not jurisdictional in significant part because "§ 2401(b)'s text speaks only to a claim's timeliness, not to a court's power."  *United States v. Wong*, 135 S. Ct. 1625, 1632 (2015).  Unlike the plaintiff here, Wong had presented a claim to the agency; thus, the presentment requirement under § 2675(a) was neither at issue nor discussed.  The D.C. Circuit has not revisited the precedent binding this Court on the presentment requirement in light of *Wong*, and the occasion is not presented here where the motion to dismiss is uncontested.  At least one district court, however, has found *Wong* "entirely in apposite" to "the jurisdictional nature of the presentment requirement in 28 U.S.C. § 2675(a)."  *Benally v. United States*, No. 13-CV-0604-MV-SMV, 2015 WL 10987109, at *4 (D.N.M. Oct. 22, 2015).